UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

MAR 2 1 2014

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DEPUY SYNTHES SALES, INC.,

       Plaintiff,

v.
                                 Civil. No. 2:13cv392

MICHAEL JONES,
JACOB SCHOOLS,
and
SKY SURGICAL, INC.,

       Defendants.

OPINION and ORDER

This matter is currently before the Court on two motions to dismiss Counts III and IV of the complaint for failure to state a claim, one filed by corporate defendant Sky Surgical, Inc. ("Sky Surgical"), and one filed collectively by Michael Jones ("Jones") and Jacob Schools ("Schools").[1]  This Court previously referred such motions to a United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) for report and recommendation. The Magistrate Judge assigned to this case held a hearing and thereafter issued a detailed Report and Recommendation ("R&R") recommending that the pending motions be **DENIED** in their entirety. Sky Surgical thereafter filed objections to the R&R, and defendants Jones and Schools filed collective objections to the R&R.  Plaintiff

---

[1] All three defendants are referred to collectively as "Defendants".

DePuy Synthes Sales, Inc. ("Plaintiff") filed a response to such objections, but did not itself object to the R&R.

After carefully considering the Magistrate Judge's thorough R&R, the parties' subsequent filings, and the relevant law, this Court hereby **ADOPTS and APPROVES** the findings and recommendations set forth in the R&R.  The instant Opinion supplements the R&R in order to address Defendants' objections and the Virginia Supreme Court's recent opinion in Dunlap v. Cottman Transmission Systems, LLC, --Va.--, 754 S.E.2d 313 (2014).

## I. FACTUAL AND PROCEDURAL HISTORY

The parties have not filed objections challenging the accuracy of the factual and procedural background as detailed in the R&R.  R&R 2-5, ECF No. 21.  Upon review of the R&R and record, this Court finds no clear error in the R&R as to such matters, and thus, hereby adopts and incorporates such background herein.

Subsequent to the issuance of the R&R, Defendants filed objections to the R&R challenging the Magistrate Judge's interpretation of Virginia law and his application of such law to the facts of this case.  Plaintiff filed a brief responding to such objections, arguing in favor of the Magistrate Judge's position. Subsequent to the issuance of the R&R and the filing of the parties' briefs, the Supreme Court of Virginia issued its opinion in Dunlap. As discussed in greater detail below, the ruling in Dunlap is

consistent with, and lends additional support to, the Magistrate Judge's thorough and well-reasoned analysis.

## II. STANDARD OF REVIEW

The well-established standard of review governing motions to dismiss filed pursuant to Rule 12(b)(6) is accurately set forth in the R&R and is not objected to by the parties. Accordingly, this Court incorporates such standard herein.

As to the review procedure for an R&R, "any party may serve and file written objections" to the proposed findings and recommendations set forth in the R&R within fourteen (14) days after service of the R&R. 28 U.S.C. § 636(b)(1). "The Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)) (alteration in original). As to those portions of the R&R that no party has challenged through advancing a "'specific written objection,' [a] district court [is] free to adopt [the] magistrate judge's recommendation . . . without conducting a de novo review." Id. at 316. As to these unchallenged portions, the reviewing court need only "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Id. at 315 (quoting Fed. R. Civ. P. 72 Advisory Committee's Note).

## III. DISCUSSION

### A. Unobjected-to Portions of R&R

Having reviewed the Magistrate Judge's detailed R&R, relevant case law, and the relevant portions of the record, this Court is satisfied that there is no clear error as to all portions of the R&R that were not specifically objected to by the parties. Diamond, 416 F.3d at 315. Accordingly, this Court hereby **ADOPTS** the findings and recommendations set forth in the R&R as to all unobjected-to matters.

### B. Objections to the R&R

Defendants' objections to the R&R appear to include both specific objections warranting a de novo review, and broader conclusory objections contending that the Magistrate Judge erred, but not explaining the purported error. Because, in the end, Defendants' collective objections to the R&R are specific enough to challenge the bulk of the Magistrate Judge's legal reasoning, this Court fashions the instant Opinion in a manner that directly addresses the primary legal issues in dispute, rather than attempting to address each individually numbered objection in Defendants' filings. Stated differently, this Court has conducted a de novo review of the analysis set forth on pages 7-22 of the R&R. Having conducted such de novo review, this Court adopts and incorporates herein the entirety of the Magistrate Judge's analysis as the Defendants' objections are not well-founded. Moreover, the Virginia Supreme Court's recent opinion in Dunlap only buttresses

4

the Magistrate Judge's analysis, and lends further support for the denial of the two pending motions to dismiss. Dunlap, 754 S.E.2d at 316-17, 319.

### 1. Count III

Count III of the complaint alleges that Sky Surgical tortiously interfered with employment contracts that Jones and Schools each entered into with Plaintiff, their former employer. Sky Surgical and Plaintiff are direct competitors, and Jones' and Schools' employment contracts with Plaintiff include non-compete, non-disclosure, and non-solicitation clauses. According to the allegations in the complaint, which this Court is required to accept as true at this stage in the case, Sky Surgical was on notice of such employment contracts. Sky Surgical nevertheless hired Jones and Schools shortly after they stopped working for Plaintiff and employed them in a manner that directly competed with Plaintiff in the same geographical area where they had previously worked for Plaintiff. Although the analysis in the R&R is detailed, distilled to its essence, the R&R concludes that Count III states a claim against Sky Surgical because: (1) Plaintiff is not required under Virginia law to allege tortious interference with contract through the use of "improper methods" since the employment contracts at issue included post-employment clauses that were not "terminable at will"; and (2) drawing all reasonable inferences in Plaintiff's favor, sufficient facts are included in the complaint to plausibly allege that Sky

Surgical knew of the existence of the employment contracts, and tortiously interfered with them.

Sky Surgical's objections to the R&R's analysis of Count III contend that: (1) the only duties at issue in this case arise from contracts, and there being no "source of duty" outside of such contracts, this Court should not allow Plaintiff to convert breach of contract claims into tort claims; and (2) the Court should look behind Plaintiff's employment contracts with Jones and Schools to the purported "real interests at stake," which Sky Surgical contends are the contracts between Plaintiff and its customers, and because Plaintiff's customer contracts are "terminable at will," Count III should be dismissed based on Plaintiff's failure to allege the use of "improper methods or means" to interfere with such terminable at will contracts. Having fully considered Sky Surgical's objections to the R&R, this Court adopts, without restating, the Magistrate Judge's analysis of both the relevant law and the sufficiency of the allegations in the complaint.

### a. Source of Duty

Supplementing the analysis in the R&R in response to Sky Surgical's objections, first, this Court rejects Sky Surgical's contention that the only "source of duty" at issue in this case is contractual, because: (1) Virginia law has long-recognized that interference with a contract by a third-party competitor is a tort, not a contract claim, Chaves v. Johnson, 230 Va. 112, 121, 335 S.E.2d

6

97, 103 (1985), <u>see</u> <u>Dunlap</u>, 754 S.E.2d at 319 (indicating that "tortious interference with contract . . . [is an] <u>intentional tort</u>[] predicated on the <u>common law duty</u> to refrain from interfering with another's contractual and business relationship[]" and "[t]hat duty <u>does not arise from the contract itself</u> but is, instead, <u>a common law corollary</u> of the contract" (citing <u>Wyatt v. McDermott</u>, 283 Va. 685, 693, 725 S.E.2d 555, 558 (2012))) (emphasis added); and (2) Sky Surgical is <u>not a party</u> to the employment contracts at issue, and thus, its purported interference with such contracts is a quintessential example of <u>tortious</u> interference by a third party. Accordingly, it is clear that duties arising outside of the employment contracts are squarely at issue in this case.

### b. Improper Methods or Means

Second, the objections to the analysis in the R&R, regarding whether "improper methods or means" must be pled by Plaintiff, are rejected.  The parties do not dispute the fact that a cause of action for tortious interference with contract has four elements when the contracts at issue are <u>not</u> terminable at will, but that a fifth element, the use of "improper methods or means," must be pled and proven when the contracts at issue are terminable at will.  <u>Duggin v. Adams</u>, 234 Va. 221, 226-27, 360 S.E.2d 832, 836 (1987).  Such additional element reflects the fact that while a party to a contract generally has "property rights in the performance" of such contract, as well as anticipated profits therefrom, a party's "interest in a

contract terminable at will is essentially only an expectancy of future economic gain, and he has no legal assurance that he will realize the expected gain." Id. at 225-26, 360 S.E.2d at 835-36. Viewed from a slightly different perspective, in the "rough-and-tumble world comprising the competitive marketplace," a third-party competitor has the right to compete, and necessarily owes a lessor duty not to interfere with a competitor's mere expectancy of future economic gain (terminable at will contract), as compared with the duty not to interfere with a competitor's contractual property right (non-terminable at will contract). Lewis-Gale Medical Center, LLC v. Alldredge, 282 Va. 141, 153, 710 S.E.2d 716, 722 (2011) (internal quotation marks and citations omitted).

Here, as explained in the R&R, the contracts that Sky Surgical is alleged to have interfered with, the employment contracts between Plaintiff and Jones, and Plaintiff and Schools, include obligations (non-disclosure, non-solicitation, and non-competition) that apply for a period of eighteen months after the end of the employment relationship. Therefore, Jones and Schools could not terminate such contractual obligations "at will." Stated differently, the complaint alleges that Sky Surgical owed a duty to Plaintiff not to interfere with Plaintiff's non-terminable contracts with its employees/former employees, and that Sky Surgical's violation of such duty constituted a tort under Virginia law. In light of the duty alleged, and the non-terminable nature of the contract clauses

Case 2:13-cv-00392-MSD-DEM  Document 27  Filed 03/21/14  Page 9 of 17 PageID# 392

at issue, the law does not require Plaintiff to allege the use of "improper methods or means" in order to state a claim of tortious interference with its employment contracts.  See CaterCorp, Inc. v. Catering Concepts, Inc., 246 Va. 22, 27-28, 431 S.E.2d 277, 281 (1993) (reversing the trial court's dismissal of a tortious interference count in a case involving a non-competition agreement and omitting from the list of elements the requirement that the plaintiff plead "improper methods" (citing Chaves, 230 Va. at 120, 335 S.E.2d at 102)).

In light of the above, Sky Surgical contends, in essence, that the Court should disregard the cause of action that is actually pled in the complaint (tortious interference with employment contracts), and instead shift its focus to what Sky Surgical labels as the "true" issue in this case—the impact that Defendants' actions had on Plaintiff's terminable at will contracts with its customers.  As discussed below, such argument fails because it improperly invites the Court to ignore the duty, and breach, as pled in the complaint.

There are two separate duties potentially implicated by the facts as alleged in the complaint: (1) Defendant has a duty not to interfere with Plaintiff's binding and non-terminable contracts with its employees; and (2) Defendant has an entirely separate duty not to use "improper methods or means," such as violence, bribery, or misuse of Plaintiff's confidential information, to interfere with Plaintiff's terminable at will contracts with its customers.  Sky

at issue, the law does not require Plaintiff to allege the use of "improper methods or means" in order to state a claim of tortious interference with its employment contracts.  See CaterCorp, Inc. v. Catering Concepts, Inc., 246 Va. 22, 27-28, 431 S.E.2d 277, 281 (1993) (reversing the trial court's dismissal of a tortious interference count in a case involving a non-competition agreement and omitting from the list of elements the requirement that the plaintiff plead "improper methods" (citing Chaves, 230 Va. at 120, 335 S.E.2d at 102)).

In light of the above, Sky Surgical contends, in essence, that the Court should disregard the cause of action that is actually pled in the complaint (tortious interference with employment contracts), and instead shift its focus to what Sky Surgical labels as the "true" issue in this case—the impact that Defendants' actions had on Plaintiff's terminable at will contracts with its customers.  As discussed below, such argument fails because it improperly invites the Court to ignore the duty, and breach, as pled in the complaint.

There are two separate duties potentially implicated by the facts as alleged in the complaint: (1) Defendant has a duty not to interfere with Plaintiff's binding and non-terminable contracts with its employees; and (2) Defendant has an entirely separate duty not to use "improper methods or means," such as violence, bribery, or misuse of Plaintiff's confidential information, to interfere with Plaintiff's terminable at will contracts with its customers.  Sky

Surgical seeks to convert the allegations in the complaint from an alleged violation of the first duty to an alleged violation of the second duty. However, Sky Surgical fails to cite any legal authority that would permit the Court to convert the legal claim for relief set forth in the complaint into a claimed violation of an entirely separate duty, based on an entirely separate series of contracts. The Court is likewise unaware of any legal justification for following such a course. Accordingly, the Court rejects Sky Surgical's efforts to transform the allegations in the complaint into alleging interference with a series of customer contracts that are not even before the Court.

Moreover, assuming arguendo that this Court agreed with Sky Surgical that the Court should transform the cause of action pled in the complaint into an allegation of interference with customer contracts, the Court would find that the complaint sufficiently alleges the use of "improper methods or means" to interfere with such customer contracts. See Compl. ¶¶ 29, 39, ECF No. 1 (discussing the types of confidential information Jones and School had access to while working for Plaintiff and the loss of Plaintiff's customer accounts shortly after Jones and Schools began working for Sky Surgical, supporting the inference of unfair competition and misuse of confidential information); id. at ¶ 62 (alleging, albeit in

conclusory fashion, unfair competition and misuse of confidential information).[2]

Having considered this issue anew, this Court agrees with, and adopts, the Magistrate Judge's analysis. The R&R correctly concludes that Virginia law does not require Plaintiff to allege "improper methods or means" because the relevant clauses in the employment contracts at issue were not terminable at will. To the extent Sky Surgical contends that the opinion in Preferred Systems Solutions, Inc. v. GP Consulting, LLC, 284 Va. 382, 403-04, 732 S.E.2d 676, 688 (2012) permits this Court to ignore the cause of action pled in the complaint and consider a separate duty associated with a separate series of contracts not before the Court, such argument is rejected. Because Count III adequately states a claim against Sky Surgical, a non-party to the employment contracts at issue, for

---

[2] Sky Surgical accurately notes that, when considering whether Company B tortiously interfered with Company A's terminable at will contracts with its customers, the "mere breach of a non-compete" does not itself constitute the use of "improper methods or means." Preferred Systems Solutions, Inc. v. GP Consulting, LLC, 284 Va. 382, 404, 732 S.E.2d 676, 688 (2012). However, if Company B hires one of Company A's former employees and obtains and uses Company A's "inside or confidential information," or otherwise engages in "unfair competition," such acts constitute "improper methods or means" and thus support a claim for tortious interference with Company A's terminable at will contracts with its customers. Id. Accordingly, here, viewing the facts in favor of Plaintiff, as well as the reasonable inferences that can be drawn from such facts, Plaintiff has plausibly alleged that Sky Surgical used "improper methods or means" to obtain and later misuse Plaintiff's "inside or confidential information" and/or to unfairly compete with Plaintiff through utilizing Jones' and Schools' knowledge of Plaintiffs' proprietary business information. See id. (noting that "improper methods" had not been proven in that case because, after discovery and a trial, there was "no evidence" that the defendant acquired or used the plaintiff's trade secrets or confidential information in order to compete with the plaintiff).

tortiously interfering with such contracts, Sky Surgical's motion
to dismiss Count III is denied.

## 2. Count IV

Count IV of the complaint alleges that Sky Surgical, Jones, and
Schools engaged in a statutory conspiracy to injure plaintiff in its
trade or business, in violation of §§ 18.2-499 and -500 of the Code
of Virginia.   It is undisputed that, as set forth in the R&R, Virginia
law provides that "'a conspiracy merely to breach a contract that
does not involve an independent duty arising outside the contract
is insufficient to establish a civil claim' under the statue."   R&R
14, ECF No. 21 (quoting Station #2, LLC v. Lynch, 280 Va. 166, 174,
695 S.E.2d 537, 541 (2010)).   Defendants object to the Magistrate
Judge's conclusions that: (1) some of Defendants' actions that
allegedly violated the employment contracts also represent a
violation of fiduciary duties inherent in the employment
relationship, and thus, the duties at issue are not purely
contractual; and (2) under Virginia law, tortious interference with
contract can constitute an "unlawful act" in violation of an
"independent duty arising outside the contract," and thus can support
a statutory conspiracy claim.

### a. Analysis Set Forth in the R&R

After conducting a de novo review of the record and the relevant
case law, including Station #2 and the Virginia Supreme Court cases
cited therein, this Court agrees with and adopts the analysis in the

R&R concluding that the complaint sufficiently alleges that Defendants violated common law fiduciary duties that exist <u>outside of the employment contracts</u>, and thus, Plaintiff has sufficiently stated a statutory business conspiracy claim. The Magistrate Judge's interpretation of Virginia law was also correct in concluding that Sky Surgical's tortious interference with the employment contracts can form the requisite "unlawful act" necessary to support a statutory conspiracy claim. <u>See</u> <u>Station #2</u>, 280 Va. at 174, 695 S.E.2d at 541-42 (finding that the mere failure to perform a contract is insufficient to support a statutory conspiracy count, but leaving in place prior precedent holding that a statutory conspiracy existed where a <u>third-party competitor</u> "knew its actions would constitute actionable tortious interference" but nevertheless "purposefully proceeded with its plan to hire employees of the plaintiff who were subject to a covenant not to compete" (citing <u>Advanced Marine Enterprises, Inc. v. PRC Inc.</u>, 256 Va. 106, 112, 501 S.E.2d 148, 151 (1998))); <u>see also</u> <u>CaterCorp, Inc.</u>, 246 Va. at 28, 431 S.E.2d at 281 (noting that "[t]he common law recognizes a cause of action [for conspiracy] against those who conspire to induce the breach of a contract, even when one of the alleged conspirators is a party to the contract." (citing <u>Worrie v. Boze</u>, 198 Va. 533, 540-41, 95 S.E.2d 192, 198-99 (1956))).

The cases cited by Defendants in an effort to demonstrate the non-existence of common law fiduciary duties fail to support

Defendants' position, and instead support the conclusion that acts committed by an employee or agent <u>after</u> termination of such employment or agency can still constitute a breach of fiduciary duties.[3]  For example, in <u>Peace v. Conway</u>, 246 Va. 278, 435 S.E.2d 133 (1993), the Supreme Court of Virginia labeled the Restatement of Agency as "instructive," and quoted the following provision:

> Unless otherwise agreed, <u>after the termination of the agency, the agent</u>:
> (a) has no duty not to compete with the principal;
> (b) <u>has a duty to the principal not to use or to disclose to third persons,</u> on his own account or on account of others, <u>in competition with the principal or to his injury, trade secrets,</u> written lists of names, <u>or other similar confidential matters</u> given to him only for the principal's use or acquired by the agent in violation of duty.  The agent is entitled to use general information concerning the method of business of the principal and the names of the customers retained in his memory, if not acquired in violation of his duty as agent[.]

<u>Id.</u> at 281-82, 435 S.E.2d at 135 (quoting Restatement (Second) of Agency § 396 (1958)) (emphasis added); <u>see also</u> <u>Nortec Communications, Inc. v. Lee-Llacer</u>, 548 F. Supp. 2d 226, 231-32 (E.D. Va. 2008) ("'Resignation or termination does not automatically free a director or employee from his or her fiduciary obligations. Liability post-termination continues only for those transactions completed after termination of the officer's association with the corporation, but which began during the existence of the relationship

---

[3] The Court further agrees with Plaintiff that it is not clear at this early stage in the case whether any fiduciary duties were violated <u>while Jones or Schools was still employed</u> by Plaintiff.  However, as discussed above, assuming that the facts prove that no violations occurred during the employment relationship, even the law cited <u>by Defendants</u> acknowledges that some fiduciary duties survive the end of the employment relationship.

or that were founded on information gained during the relationship.'" (quoting Today Homes, Inc. v. Williams, 272 Va. 462, 474, 634 S.E.2d 737, 744 (2006))).

Here, the complaint sufficiently alleges post-termination misuse of Plaintiff's confidential business information, including Plaintiff's variable product pricing information that was specific to each medical facility, hospital, or hospital system, and Plaintiff therefore sufficiently alleges a breach of a fiduciary duty that: (1) arises from the employment relationship itself; and (2) continues beyond the termination of such relationship. Cf. Advanced Marine, 256 Va. at 112, 501 S.E.2d at 152 (labeling information about the former employer's "workload, and the value of certain work" as "confidential and proprietary information"). Defendants' contention that an express written agreement adding additional post-employment duties that do not exist under the common law somehow eliminates the baseline common-law duties is simply not compelling.

b. Impact of Dunlap v. Cottman Transmission Systems, LLC

Subsequent to the issuance of the R&R and the filing of the objections and responsive brief, the Supreme Court of Virginia issued its opinion in Dunlap, and answered a question certified by the United States Court of Appeals for the Fourth Circuit that directly supports the analysis in the R&R and is dispositive of the pending motions to dismiss Count IV. The opinion states:

The common law has long recognized actions based on a conspiracy resulting in business-related damages. . . . Because there can be no conspiracy to do an act that the law allows, we have held that an allegation of conspiracy, whether criminal or civil, must at least allege an unlawful act or an unlawful purpose to survive demurrer. In other words, actions for common law civil conspiracy and statutory business conspiracy lie only if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious. . . . As we discussed in <u>Station # 2</u>, the only duties at issue in a breach of contract claim are those arising solely from the contract itself; therefore, a breach of contract does not, without more, create a basis for recovery in tort. In contrast, both tortious interference with contract and tortious interference with business expectancy are intentional torts predicated on the common law duty to refrain from interfering with another's contractual and business relationships. That duty does not arise from the contract itself but is, instead, a common law corollary of the contract. The duty arises outside the contract even though the intentional interference must induce or cause a breach or termination of the contractual relationship or business expectancy. Accordingly, we hold that tortious interference with contract and tortious interference with business expectancy each constitute the requisite "unlawful act" to proceed on a business conspiracy claim under Code §§ 18.2-499 and -500.

<u>Dunlap</u>, 754 S.E.2d at 316-17, 319 (internal quotation marks and citations omitted). Pursuant to the analysis in <u>Dunlap</u>, tortious interference with contract, which is sufficiently alleged in Count III of Plaintiff's complaint, is sufficient to constitute the predicate "unlawful act" necessary to plead a statutory business conspiracy claim under §§ 18.2-499 and -500. Accordingly, the opinion in <u>Dunlap</u> confirms the analysis in the R&R recommending the denial of the motions to dismiss Count IV.

For the reasons discussed in the R&R, and the subsequent but entirely consistent opinion of the Supreme Court of Virginia in <u>Dunlap</u>, the motions to dismiss Count IV of the complaint are denied.[4]

IV. CONCLUSION

As set forth in detail above, this Court has performed a clear error review of all portions of the R&R to which no objections were filed and has performed a de novo review of all portions of the R&R to which specific objections were filed.  After performing such review, the Court hereby **ADOPTS and APPROVES** the findings and recommendations set forth in the report of the United States Magistrate Judge, as supplemented herein.  The two pending motions to dismiss are therefore **DENIED**, ECF Nos. 5, 7.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
United States District Judge

Norfolk, Virginia
March 21 , 2014

---

[4] To the extent Defendants sought a stay of this case pending the Supreme Court of Virginia's ruling in <u>Dunlap</u>, such request is obviously now moot as a result of such ruling.